UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STMICROELECTRONICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VANTAGE MICRO LLC, <br><br> Defendant. | CASE NO. 3:19-CV-2858 <br><br> JURY TRIAL DEMANDED |

### ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

STMicroelectronics, Inc. ("ST") seeks a declaratory judgement of non-infringement of United States Patent Nos. 6,546,508; 6,678,838; 7,414,606; and 9,959,593. ST alleges the following:

### THE PARTIES

1. ST is a Delaware corporation having its principal place of business at 750 Canyon Drive, Suite 300, Coppell, Texas 75019.

2. Vantage Micro LLC ("Vantage Micro") is a Delaware limited liability company with its principle place of business at 717 North Union Street, Suite 9, Wilmington, DE 19805. Vantage may be served through its registered agent, Rita Carnevale, at 717 North Union Street, Wilmington, DE 19805.

### JURISDICTION AND VENUE

3. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and under the patent laws of the United States, 35 U.S.C. §§ 1-390.

4. This Court has subject matter jurisdiction over this action under 28. U.S.C. §§ 1331, 1338(a), and 2201(a).

5. This Court has personal jurisdiction over Vantage Micro because Vantage Micro has purposefully availed itself of the benefits of this forum. For example, this Court has specific jurisdiction because Vantage Micro has sought to license and/or enforce its patents, including United States Patent Nos. 6,546,508; 6,678,838; 7,414,606; and 9,959,593, in Texas, including against ST. On May 9, 2019, Vantage Micro sent a letter to ST at its principal place of business at 750 Canyon Drive, Suite 300, Coppell, Texas 75019, contending that its patents applied to certain ST products. (Exhibit A). Shortly thereafter, Vantage Micro filed a lawsuit against ST in the Eastern District of Texas – which is not a proper venue – alleging that certain ST products infringe United States Patent Nos. 6,546,508 ("the '508 patent"); 6,678,838 ("the '838 patent"); 7,414,606 ("the '606 patent"); and 9,959,593 ("the '593 patent") (collectively referred to as the "Asserted Patents"). Vantage Micro's Complaint in that matter is attached as Exhibit B (the lawsuit referred to herein as the "Vantage Micro Action"). The Vantage Micro Action is among nine total lawsuits filed by Vantage Micro regarding one of more of the Asserted Patents in different Federal District Courts in the State of Texas. Vantage Micro's enforcement actions wrongfully restrain the lawful sale by ST of non-infringing products.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) because a substantial part of the events giving rise to ST's claim occurred in this District and because Vantage Micro is subject to personal jurisdiction here.

## BACKGROUND

7. On May 9, 2019, Vantage Micro sent ST a letter at its principal place of business at 750 Canyon Drive, Suite 300, Coppell, Texas 75019, asserting that the '838 patent applied to six products manufactured, sold, and/or distributed by ST.

8. Without meaningfully engaging in any discussions or correspondence regarding Vantage Micro's assertions, Vantage Micro filed a patent infringement lawsuit against ST on October 7, 2019, alleging that ST infringes certain claims of the Asserted Patents by making, selling, importing, or offering for sale certain ST products within the United States.

9. Vantage Micro also alleges that ST indirectly infringes the Asserted Patents by inducing customers to infringe and contributing to the infringement of the Asserted Patents by others.

10. ST does not infringe, directly or indirectly, any claim of the Asserted Patents at least because its manufacture, sale, importation, or offer to sell any product does not infringe any claims of the Asserted Patents. Further ST has not induced or contributed to the infringement of the Asserted Patents by others.

11. For at least the reasons set forth above, a justiciable controversy exists between ST and Vantage Micro regarding the alleged infringement of the Asserted Patents.

## COUNT I

**(Declaration of Non-infringement of '508 patent)**

12. ST incorporates paragraphs 1 through 11 above as if set forth fully herein.

13. Vantage Micro claims to own all substantial right, title, and interest in the '508 patent. The '508 patent is directed to a method and apparatus for fault detection of a processing tool in an advanced process control (APC) framework. The '508 patent is attached as Exhibit C.

14.     In the Vantage Micro Action, Vantage Micro accuses ST of infringing at least claim 1 of the '508 patent, under 35 U.S.C. § 271(g), by importing into the United Sates, selling, offering to sell, or using within the United States semiconductor devices made by a process that allegedly infringes claim 1 of the '508 patent.

15.     ST does not directly or indirectly infringe the claims of the '508 patent at least because the accused products are not made by the process alleged to infringe claim 1 of the '508 patent.

16.     The accused products are not made by a process that includes each and every one of the following steps: (a) receiving at a first interface operational state data of a processing tool related to the manufacture of a processing piece; (b) sending the state data from the first interface to a fault detection unit; (c) determining if a fault condition exists with the processing tool based upon the state data; and (d) shutting down the processing tool providing that the fault condition exists.

17.     An actual controversy exists between ST and Vantage Micro regarding whether the accused products infringe the '508 patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '508 patent.

18.     ST seeks a judgment declaring that ST does not directly or indirectly infringe any claim of the '508 patent.

## COUNT II

**(Declaration of Non-infringement of the '838 patent)**

19.     ST incorporates paragraphs 1 through 18 above as if set forth fully herein.

20. Vantage Micro claims to own all substantial right, title, and interest in the '838 patent. The '838 patent is directed to a method to track master contribution information in a write buffer. The '838 patent is attached as Exhibit D.

21. In the Vantage Micro Action, Vantage Micro accuses ST of infringing at least claim 11 of the '838 patent by making, using, selling, importing, and/or offering to sell certain semiconductor devices, such as the SPEAr1310.

22. ST does not directly or indirectly infringe the claims of the '838 patent, literally or under the doctrine of equivalents, at least because the manufacture, sale, offer for sale, or importation of the accused products does not infringe the method of claim 11 of the '838 patent.

23. ST does not practice each and every step of claim 11 of the '838 patent. For example, ST does not perform a method of determining which of a plurality of masters contributed data to a buffer coupled between a memory and the plurality of masters comprising the following steps: (a) receiving data into the buffer; (b) examining grant signals of a master with originated the data; (c) storing master contribution information in the buffer to associate the master with the data; and (d) wherein the buffer is a first-in-first-out (FIFO) buffer.

24. An actual controversy exists between ST and Vantage Micro regarding whether ST infringes the '838 patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '838 patent.

25. ST seeks a judgment declaring that ST does not directly or indirectly infringe any claim of the '838 patent.

## COUNT III

### (Declaration of Non-infringement of the '606 patent)

26. ST incorporates paragraphs 1 through 25 above as if set forth fully herein.

27. Vantage Micro claims to own all substantial right, title, and interest in the '606 patent. The '606 patent is directed to a method and apparatus for detecting a flat panel display monitor. The '606 patent is attached as Exhibit E.

28. In the Vantage Micro Action, Vantage Micro accuses ST of infringing at least claim 6 of the '606 patent by making, using, selling, importing, and/or offering to sell certain semiconductor devices, such as the STM32F series products, among others.

29. ST does not directly or indirectly infringe the claims of the '606 patent, literally or under the doctrine of equivalents, at least because the manufacture, sale, offer for sale, or importation of the accused products does not infringe the method of claim 6 of the '606 patent.

30. ST does not practice each and every step of claim 6 of the '606 patent. For example, ST does not perform a method for detecting a monitor by (a) monitoring one pin of a connector coupled to a flat panel display; (b) asserting an output signal to indicate the one pin is in a first state, and (c) receiving the output signal at a display engine.

31. An actual controversy exists between ST and Vantage Micro regarding whether ST infringes the '606 patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '606 patent.

32. ST seeks a judgment declaring that ST does not directly or indirectly infringe any claim of the '606 patent.

## COUNT IV

### (Declaration of Non-infringement of the '593 patent)

33. ST incorporates paragraphs 1 through 32 above as if set forth fully herein.

34. Vantage Micro claims to own all substantial right, title, and interest in the '593 patent. The '593 patent is directed to a memory controller having plurality of channels that

provides simultaneous access to data when accessing unified graphics memory. The '593 patent is attached as Exhibit F.

35. In the Vantage Micro Action, Vantage Micro accuses ST of infringing at least claim 1 of the '593 patent by making, using, selling, importing, and/or offering to sell certain semiconductor devices, such as the SPEAr series products, among others.

36. ST does not directly or indirectly infringe the claims of the '593 patent, literally or under the doctrine of equivalents, at least because the manufacture, sale, offer for sale, or importation of the accused products do not infringe the method of claim 1 of the '593 patent.

37. ST does not practice each and every step of claim 1 of the '593 patent. For example, ST does not perform a method, which is to be carried out by a memory controller, of (a) receiving client data access requests associated with one or more clients and a central processing unit (CPU) data access request associated with a CPU, to a plurality of memory channels for accessing unified system/graphics memory, wherein the plurality of memory channels is accessible, simultaneously, by the CPU and at least one client of the one or more clients through the memory controller; (b) prioritizing the CPU data access request to the unified memory over the client data access requests to the unified memory; and (c) controlling the plurality of memory channels to access, simultaneously, data for the CPU and data for the at least one client based on a request of the client data access requests and the CPU data access request.

38. An actual controversy exists between ST and Vantage Micro regarding whether ST infringes the '593 patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '593 patent.

39. ST seeks a judgment declaring that ST does not directly or indirectly infringe any claim of the '593 patent

## PRAYER FOR RELIEF

ST respectfully requests that the Court find in its favor and enter judgment:

    a.    Declaring that ST does not directly or indirectly infringe, literally or under the doctrine of equivalents, any claim from the Asserted Patents;

    b.    Declaring that judgment be entered in favor of ST and against Vantage Micro on ST's claims;

    c.    Finding that this is an exceptional case under 35 U.S.C. § 285;

    d.    Awarding ST its costs and attorneys' fees in connection with this matter; and

    e.    Awarding such other relief as the Court may deem appropriate and just under the circumstances.

## JURY DEMAND

ST respectfully requests a jury trial on all issues and claims so triable.

December 2, 2019                                                        Respectfully submitted,

                                                                                    s/ *Vishal Patel*
                                                           **Bruce S. Sostek**
                                                             Texas State Bar No. 18855700
                                                             Bruce.Sostek@tklaw.com
                                                          **Vishal Patel**
                                                             Texas State Bar No. 24065885
                                                             Vishal.Patel@tklaw.com
                                                         Thompson & Knight LLP
                                                         One Arts Plaza, Suite 1500
                                                         1722 Routh Street
                                                         Dallas, Texas 75201
                                                         214.969.1700 (telephone)
                                                         214.969.1751 (facsimile)

                                                         Attorneys for Plaintiff
                                                         STMicroelectronics, Inc.